UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| MAURICE CRICHLOW, <br><br> Plaintiff, <br><br> v. <br><br> BRANDON L. POLL; JEFFREY THOMPSON; and DAVIS COUNTY PROSECUTOR'S OFFICE, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT** <br><br><br> Case No. 1:23-cv-00061 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Maurice Crichlow, proceeding without an attorney and *in forma pauperis* (without paying the filing fee), filed this action against Deputy Davis County Attorney Brandon L. Poll, Deputy Davis County Attorney Jeffrey Thompson, and the Davis County Prosecutor's Office.[1] Because the complaint is deficient as set forth below, the court permits Mr. Crichlow to file an amended complaint to correct these deficiencies by **October 17, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[2] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the

---

[1] (*See* Compl., Doc. No. 6.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

1

standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5] But the court need not accept the plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7]

Because Mr. Crichlow proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[8] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[9] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[10] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Hall*, 935 F.2d at 1110.

[9] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[10] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

syntax and sentence construction, or his unfamiliarity with pleading requirements,"[11] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## BACKGROUND

Mr. Crichlow's complaint states he is bringing this case "due to a violation of [his] Fourteenth Amendment right to Due Process through the acts of Malicious Prosecution and Official Misconduct by the Introduction of Falsified Evidence by a Jeff Thompson and Malicious Prosecution and Abuse of Process by Brandon L. Poll working as Attorneys of the Davis County Prosecutor's Office."[13] He asserts claims for abuse of process, malicious prosecution, and "official misconduct."[14] He also checked a box on the complaint form indicating he is bringing claims under 42 U.S.C. § 1983.[15]

Mr. Crichlow's abuse of process claim is based on the following allegations:

> I was charged with Possession or use of a firearm by a restricted person, a 3rd Degree Felony in the Farmington 2nd District Court after my case was referred from the Centerville Justice Court. I allege that this was an Abuse of Process which allowed the prosecution a second shot based on evidence (broken Revolver) which existed prior to the five month court proceedings and should have been transferred at the commencement if it were in fact about the safety of the public.[16]

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] (Compl., Doc. No. 6 at 2.)

[14] (*Id.* at 2–3.)

[15] (*Id.* at 1.)

[16] (*Id.* at 2.)

He also states this was a "baseless case used as retaliation by Attorney Brandon Poll for exercising [his] right to face [his] accusers."[17]

Mr. Crichlow's malicious prosecution claim is based on allegations that "[f]alsified evidence [was] presented to the courts by [] way of the written Probable Cause Statement created by a Jeff Thompson, which stated that the alleged 'firearm' in this matter was 'loaded' and '[t]he revolver . . . was otherwise capable of firing' but without any corroborating evidence."[18] Mr. Crichlow alleges the police report described the firearm as "Broken Revolver. No revolver pin, Holder" and did not provide "any other documented evidence or any additional information other than that the revolver had been returned and was no longer in Evidence."[19] Mr. Crichlow cites statutory definitions of "firearm" and "handgun" in the Utah Code and asserts they require the device to be capable of firing.[20] He states he "[does] not understand how the prosecution would be able to come to this conclusion based on the evidence available."[21]

In support of his official misconduct claim, Mr. Crichlow references Utah Code section 76-8-201, a criminal statute defining the misdemeanor offense of official misconduct based on unauthorized acts or failure of duty.[22] Mr. Crichlow states the prosecutors "worked under the

---

[17] (*Id.* at 3.)

[18] (*Id.*)

[19] (*Id.*)

[20] (*Id.*)

[21] (*Id.*)

[22] Utah Code Ann. § 76-8-201.

color of law but did commit offenses while doing so which should open the argument as to if they should be protected by Absolute Immunity while committing unlawful offenses."[23]

Mr. Crichlow does not state whether he is suing Mr. Poll and Mr. Thompson in their individual or official capacities, but he seeks both monetary relief and retraining for the Davis County Prosecutor's Office.[24] He also names the Davis County Prosecutor's Office as a defendant.[25]

## ANALYSIS

As explained below, to the extent Mr. Crichlow asserts claims against Mr. Poll and Mr. Thompson in their individual capacities, these claims are subject to dismissal because (1) these defendants are entitled to absolute prosecutorial immunity for the conduct alleged, and (2) the complaint fails to state a plausible claim against these defendants for abuse of process, malicious prosecution, or "official misconduct." To the extent Mr. Crichlow asserts claims against Mr. Poll and Mr. Thompson in their official capacities and a claim against the Davis County Prosecutor's Office, his complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983.

A. Prosecutorial Immunity

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and

---

[23] (Compl., Doc. No. 6 at 3.)

[24] (*Id.* at 4.)

[25] (*Id.* at 1.)

pursuing criminal prosecutions."[26] Prosecutors enjoy such immunity "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."[27] Thus, "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."[28] But a prosecutor is not entitled to immunity "when he is acting as a witness rather than an advocate."[29] "Where a prosecutor personally vouches for the truth of the facts set forth in a certification, he is considered a witness and not entitled to immunity."[30]

Mr. Crichlow's claims against Mr. Poll and Mr. Thompson are based on activities intimately associated with the judicial process, including the decision to prosecute, evaluation of the evidence, and preparation of the probable cause statement. These activities are protected by prosecutorial immunity. Further, Mr. Crichlow's allegation that Mr. Thompson "falsified evidence" in the probable cause statement does not render such immunity inapplicable. Allegations that a prosecutor made false statements to support a probable cause finding are

---

[26] *Carbajal v. McCann*, 808 F. App'x 620, 631 (10th Cir. 2020) (unpublished) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994)); *see also Blair v. Osborne*, 777 F. App'x 926, 929 (10th Cir. 2019) (unpublished) ("Prosecutorial immunity bars claims for damages against a prosecutor sued in her individual capacity.").

[27] *Id.* (internal quotation marks omitted).

[28] *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

[29] *Id.*

[30] *Id.* (citing *Kalina v. Fletcher*, 522 U.S. 118, 125–29 (1997)).

insufficient to defeat prosecutorial immunity, unless the prosecutor personally vouched for the truth of the underlying facts in a sworn statement or testimony.[31] Mr. Crichlow does not allege Mr. Thompson personally vouched for the truth of the facts set forth in the probable cause statement. Rather, he asserts Mr. Thompson "created" a probable cause statement containing factual statements which lacked any corroborating evidence.[32] These allegations are insufficient to defeat prosecutorial immunity.

Mr. Crichlow's claims against Mr. Poll and Mr. Thompson in their individual capacities are barred by prosecutorial immunity, based on the conduct alleged in the complaint.

B. <u>Failure to State a Claim</u>

Mr. Crichlow's complaint is also deficient because it otherwise fails to state a claim for relief.[33] As explained below, even if Mr. Poll and Mr. Thompson were not entitled to immunity, Mr. Crichlow fails to state a plausible claim against them for abuse of process, malicious prosecution, or "official misconduct." Mr. Crichlow's claims against the Davis County

---

[31] *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1213 (10th Cir. 2022) (finding prosecutorial immunity applied where there was no allegation that a prosecutor "personally vouched, under penalty of perjury, for the truth of facts he claimed supported probable cause"); *Nielander*, 582 F.3d at 1164 ("Because [the prosecutor] did not personally vouch for or even list any of the facts in the Complaint/Information, he is entitled to absolute immunity . . . ."); *cf. Kalina*, 522 U.S. at 129–31 (holding that preparing and filing a probable cause certification was within a prosecutor's role as an advocate, but executing the certification under penalty of perjury placed the prosecutor within the role of a complaining witness not entitled to immunity).

[32] (Compl., Doc. No. 6 at 3.)

[33] For individual capacity claims against Mr. Poll and Mr. Thompson, this is an alternative ground for dismissal.

7

Prosecutor's Office, and any official capacity claims against the named prosecutors, are also deficient because he fails to state a claim for municipal liability.

    *1. Abuse of Process*

"To allege a plausible § 1983 claim for abuse [of] process, a plaintiff must plead the common law elements of abuse of process as well as a constitutional violation."[34] Under Utah law, a claim for abuse of process requires the plaintiff to show "(1) that the defendant used legal process, (2) to accomplish an improper purpose or purpose for which that process was not designed, (3) causing the plaintiff's harm."[35]

Mr. Crichlow has not alleged facts sufficient to show any defendant used legal process for an improper purpose, or for a purpose for which the process was not designed. Mr. Crichlow's abuse of process claim is based on allegations that he was charged with a felony in a Utah district court after the case was referred from justice court.[36] He claims this "allowed the prosecution a second shot based on evidence . . . which existed prior to the five month court proceedings," and he suggests the case "should have been transferred at the commencement."[37] But it is not apparent from these allegations that charges were filed in district court for an improper purpose, or that the timing of the charges or the "transfer" was improper. Mr.

---

[34] *McRoberts v. Rosas*, No. 21-2470-DDC-TJJ, 2022 U.S. Dist. LEXIS 175246, at *24 (D. Kan. Sep. 27, 2022) (unpublished) (internal quotation marks omitted).

[35] *Mt. W. Surgical Ctr., L.L.C. v. Hosp. Corp.*, 2007 UT 92, ¶ 11, 173 P.3d 1276, 1278 (Utah 2007).

[36] (*See* Compl., Doc. No. 6 at 2.)

[37] (*Id.*)

Crichlow fails to explain the basis for his assertion that this transfer should have happened earlier. In other words, Mr. Crichlow fails to provide sufficient information to permit an inference that any legal process was abused.[38] Mr. Crichlow also fails to allege his constitutional rights were violated by the transfer of the case to Utah district court.

For these reasons, Mr. Crichlow's allegations are insufficient to state a section 1983 claim based on abuse of process.

   2. *Malicious Prosecution*

A malicious prosecution claim brought under 42 U.S.C. § 1983 includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) *the original action terminated in favor of the plaintiff*; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages."[39] Mr. Crichlow fails to allege facts showing the second element is met: he does not identify the outcome of the underlying criminal case. Because he does not allege the criminal case terminated in his favor, Mr. Crichlow fails to state a claim for malicious prosecution.

   3. *Official Misconduct*

Mr. Crichlow purports to bring a claim for "official misconduct" under Utah Code § 76-8-201, which provides criminal penalties for a public servant who "with an intent to benefit himself or another or to harm another . . . knowingly commits an unauthorized act which

---

[38] *See Carter v. Littlefield*, No. 20-cv-365-JFH-JFJ, 2023 U.S. Dist. LEXIS 85137, at *21 (N.D. Okla. May 16, 2023) (unpublished) (finding conclusory allegations that prosecutors violated the plaintiff's rights and engaged in wrongdoing were insufficient to state a claim for abuse of process).

[39] *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (emphasis in original).

purports to be an act of his office."[40]  But this is a criminal statute which contains no private civil right of action.  Therefore, Mr. Crichlow's "official misconduct" claim under this statute is not cognizable.[41]

   4. *Municipal Liability*

Mr. Crichlow's claims against the Davis County Prosecutor's Office, and any claims against the named prosecutors in their official capacities,[42] are effectively claims against Davis County.[43]

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[44]  "Instead, 'the government as an entity' may only be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[45]  "There are three requirements for municipal liability under 42 U.S.C. § 1983: (1) the existence of an

---

[40] Utah Code Ann. § 76-8-201; (Compl., Doc. No. 6 at 3).

[41] *See Brown v. Herbert*, No. 2:17-cv-948, 2019 U.S. Dist. LEXIS 23487, at *2 (D. Utah Feb. 12, 2019) (unpublished) (Utah Code § 76-8-201 "is a criminal statute and inapplicable in civil litigation."); *see also Rojas v. Meinster*, No. 19-cv-01896, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished) (A private citizen "lacks standing to assert that a party has violated criminal laws, or to seek criminal prosecution.").

[42] As noted, the complaint does not specify whether the defendants are being sued in their individual or official capacities.

[43] *See Watson v. Kan. City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A [§ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

[44] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[45] *Id.* (quoting *Monell*, 436 U.S. at 694).

official policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury; and (3) that the defendant established the policy with deliberate indifference to an almost inevitable constitutional injury."[46] The "municipal policy or custom" may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[47]

Mr. Crichlow fails to allege the existence of an official policy or custom giving rise to a constitutional injury. His allegations relate solely to the actions of individual prosecutors, and he does not allege these actions resulted from any formal policy, informal custom, or failure to train—or that they were ratified by final policymakers. Further, he fails to allege any underlying constitutional violation. Therefore, Mr. Crichlow fails to state a claim for municipal liability under section 1983.

C. Opportunity to Amend

Because the individual defendants are entitled to absolute prosecutorial immunity as to the conduct alleged, and the complaint otherwise fails to state a plausible claim for relief, the

---

[46] *Soto v. Bd. of Cnty. Comm'rs of Caddo Cnty.*, 748 F. App'x 790, 793–94 (10th Cir. 2018) (unpublished) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–70 (10th Cir. 2013)).

[47] *Waller*, 932 F.3d at 1283 (citation omitted).

complaint is subject to dismissal.[48] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[49] Accordingly, Mr. Crichlow will be given an opportunity to amend his complaint.

## CONCLUSION

The court ORDERS as follows:

1. Mr. Crichlow may file an amended complaint by **October 17, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Crichlow is advised that an amended complaint will *completely replace* all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[50]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's May 16, 2023 order[51] remains in place.

---

[48] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[49] *Kay*, 500 F.3d at 1217 (citation omitted).

[50] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[51] (Doc. No. 5.)

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 26th day of September, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge
